# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3716
_____

United States of America

*Plaintiff - Appellee*

v.

Stanley Gene Schily, Sr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: May 11, 2022
Filed: August 1, 2022
[Unpublished]
_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury convicted Stanley Schily, Sr., of conspiracy to distribute or possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), and 846. The district court[1] sentenced Schily to a term of 120 months' imprisonment to be follow by an eight-year term of supervised release. Schily appeals, asserting the evidence is insufficient to support his conviction. We affirm.

On March 5, 2020, law enforcement officers executed a search warrant at Schily's residence in Mobridge, South Dakota. While searching the basement, officers recovered 0.64 grams of methamphetamine in a plastic baggie from a work bench, a package of unopened plastic baggies hanging nearby, and a handwritten note in a cupboard above the work bench. The note stated, in part, "Stan, . . . . This is 21g. I took 3g only. . . . He's going to make it right the next time He delivers to us." In a dresser drawer in an upstairs bedroom, officers found two handwritten notes listing three different names, weights, and dollar amounts.

Schily was given a <u>Miranda</u> warning and interrogated by Investigator Allen Bohle in an unmarked vehicle. Schily admitted to Investigator Bohle that beginning in January of 2020 an alleged co-conspirator met with the source five times and brought Schily methamphetamine each time. In total Schily received approximately three and a half ounces. The alleged co-conspirator kept a small quantity of the drugs as payment for being the middleman in the drug delivery. Schily acknowledged delivering methamphetamine to several people who either purchased the methamphetamine from him or with whom he shared. Schily stated another alleged co-conspirator would "middle" or sell methamphetamine for him, bringing Schily about $200 a day.

The case proceeded to a jury trial and at the close of the case Schily unsuccessfully moved for a judgment of acquittal. The jury convicted Schily. He claims the evidence is insufficient to sustain the conviction, arguing he was a mere buyer of methamphetamine, and the evidence does not establish the dates during which he participated in any drug trafficking conspiracy.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

We review *de novo* a sufficiency of the evidence challenge, "viewing the evidence in the light most favorable to the jury's verdict and reversing the verdict only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Shelledy, 961 F.3d 1014, 1019 (8th Cir. 2020) (quoting United States v. Ramos, 852 F.3d 747, 753 (8th Cir. 2017)). To obtain a conviction for conspiring to distribute drugs, the government must show: (1) there was an agreement to distribute drugs; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. United States v. Ferguson, 29 F.4th 998, 1003 (8th Cir. 2022) (citing United States v. Erickson, 999 F.3d 622, 629 (8th Cir. 2021)). The existence of a conspiracy "may be proven through circumstantial evidence alone, and evidence of an agreement to join the conspiracy may be inferred from the facts." United States v. Harris, 966 F.3d 755, 760 (8th Cir. 2020) (quoting Shelledy, 961 F.3d at 1019). However, "[a] confession must be corroborated to support a criminal conviction." United States v. Bagola, 796 F.3d 903, 907 (8th Cir. 2015) (citing Wong Sun v. United States, 371 U.S. 471, 488-89 (1963)).

A close review of the record reveals sufficient evidence to establish Schily engaged in a conspiracy to distribute methamphetamine during the time alleged in the indictment. Schily's recorded interview detailed the existence of a conspiracy to distribute methamphetamine, his direct knowledge, and his participation beginning in 2019 and continuing until the date of the search in March 2020. Schily stated that from January 2020 to March 2020 the source supplied methamphetamine to an alleged co-conspirator, who then split the methamphetamine with Schily. Schily in turn sold, shared, or received cash from others middling methamphetamine. Schily admitted he obtained about three and a half ounces from five trips. Investigator Bohle testified a user amount is 1-3.5 grams. The methamphetamine, plastic baggies, and handwritten notes corroborated Schily's statements. A reasonable jury could find Schily guilty on this evidence.

The judgment of the district court is affirmed.

_____